IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Mark S. Haukedahl, | Case No. 3:07 CR 64 |
| | (3:08 CV 2032) |
| Petitioner/Defendant, | |
| | MEMORANDUM OPINION |
| -vs- | AND ORDER |
| | |
| United States of America, | JUDGE JACK ZOUHARY |
| | |
| Respondent/Plaintiff. | |

### INTRODUCTION

*Pro se* Petitioner Mark Haukedahl filed a Motion to Vacate (Doc. No. 40) under 28 U.S.C. § 2255 alleging that his sentence for money laundering "is illegal, as it is based on misinterpretation of application of the alleged statute." Specifically, Petitioner claims:

> I was sentenced to a term of imprisonment on the Money Laundering [sic] count, of 108 months, based upon the "gross" receipts of the alleged underlying offense; when in truth and fact, I should have been only held accountable for approximately Seven Hundred Thousand, ($700,000.00) Dollars; which would result in a sentence of approximately twenty eight (28) months; requiring relief as any amount of Illegal incarceration, is per se unreasonable, and prejudicial.

The Government opposes the Motion (Doc. No. 52) with several arguments: (1) Petitioner's Guidelines calculation was correct; (2) Haukedahl waived his right to appeal his sentence pursuant to his plea agreement; and (3) the opinion in *United States v. Santos*, ___ U.S. ___, 128 S. Ct. 2020 (2008) is inapplicable and, even if applicable, does not affect Petitioner's Guidelines calculation or sentence.  Each argument is addressed below.

**CALCULATION OF HAUKEDAHL'S SENTENCE**

Haukedahl suggests he only pled guilty to promotion money laundering and only admitted to $700,000 of laundering (an amount for which he gives no support). His guilty plea was not so limited. Count 4 charged him with conspiring to commit three different types of money laundering: promotion, international concealment and mail/wire fraud. Haukedahl admitted in his plea agreement *and* at his guilty plea hearing that he laundered millions of dollars in three different types of laundering transactions. His guilty plea detailed over $1.3 million of net profits in the international concealment transactions.

Probation correctly calculated Haukedahl's Guidelines for Count 4 using Sentencing Guideline § 2Sl.1 which states that a defendant's base offense level for money laundering is the offense level for the underlying offense from which the laundered funds were derived. *See* § 2S1.1(a)(1). Here, the underlying offense was conspiracy to commit mail/wire fraud in violation of 18 U.S.C. § 371 in the amount of approximately $11.7 million. Haukedahl admitted in his plea agreement that he fraudulently induced victims to pay $7 million.

Probation also correctly calculated his offense level for Count 1 as 32, and therefore 32 became his base offense level for Count 4 (PSR ¶¶ 111-15). Two levels were added pursuant to § 2S1.1(b)(2)(B) for his conviction under 18 U.S.C. § 1956 (PRS ¶ 117). Two additional levels were added pursuant to § 2S1.1(b)(3) for sophisticated laundering (the transfer of fraud profits to an offshore account). The above math results in a Guidelines calculation of 36 and an applicable imprisonment range of 188 to 235 months. The plea agreement allowed for a three-level reduction for acceptance of responsibility and a four-level reduction for voluntarily returning from the Dominican Republican, resulting in a final Guidelines range (for Count 4) of a level 29 and a

2

imprisonment range of 87 to 108 months. Therefore, the sentencing calculation for Count 4 would have been the same whether he laundered $7 million, as he admitted when he pled guilty, or $700,000 as he now contends in his Section 2255 motion. With no change in his Guidelines level, Haukedahl's Motion must fail.

Moreover, non-constitutional errors generally are not proper grounds for collateral review. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) (holding "[n]onconstitutional errors, such as mistakes in the application of sentencing guidelines, will rarely, if ever, warrant relief" under Section 2255). Even absent the Court's analysis and confirmation of the Guidelines calculation above, this claim is improper in a Section 2255 motion.

### HAUKEDAHL WAIVED HIS RIGHT TO CHALLENGE HIS SENTENCE

In his plea agreement, Haukedahl waived his right to contest his sentence. The plea agreement states (Paragraph 16):

> [D]efendant waives the right to appeal his guilty plea, conviction and sentence on any ground . . . [and] further agrees not to contest his sentence in any post conviction proceeding including but not limited to a proceeding under 28 U.S.C. § 2255 . . . .

Haukedahl clearly waived his right to file a Section 2255 motion and such waivers have been upheld by the Sixth Circuit. *Watson v. United States*, 165 F.3d 486, 488-89 (6th Cir. 1999) ("Defendant's informed and voluntary waiver of right to collaterally attack sentence in plea agreement bars such relief."). Haukedahl knowingly waived his right to file a Section 2255 motion except for ineffective assistance of counsel or prosecutorial misconduct, neither of which applies here.

### APPLICATION OF *SANTOS*

Haukedahl cites *United States v. Santos*, 128 S. Ct. 2020 (2008), which held that promotion laundering transactions in illegal gambling operations can only occur with the net profits, not the

receipts, of such operations. *Id.* at 2024. A plurality of the Supreme Court determined that the term "proceeds" is ambiguous and could reasonably mean either "receipts" or "profits" in the context of the promotion money laundering statute. Thus the rule of lenity applied to limit it to profits. *Id.* However, that opinion is limited by the plurality to the context of illegal gambling operations and does not apply to the other statutorily defined offenses. *Id.* at 2031-32. *See also United States v. Poulsen*, 568 F. Supp. 2d 885, 913-14 (S.D. Ohio 2008) (transactions involving money left over after paying employees involved the use of "profits"). Here, many of Haukedahl's transactions involved net profits set forth in Count 4 of the fraud scheme.

Furthermore, *Santos* has no retroactive application. In *Teague v. Lane*, 489 U.S. 288 (1989), the Supreme Court set forth two exceptions to the general rule of non-retroactivity and neither of those exceptions apply to this case.[1] A new rule is not applied retroactively unless it is one of "watershed" importance. *Goode v. United States*, 305 F.3d 378, 383 (6th Cir. 2002). *Santos* did not announce a new constitutional rule of watershed importance. Moreover, *Santos* does not negate Haukedahl's plea agreement not to contest his sentence in any post-conviction proceeding.

## CONCLUSION

For each of the above reasons, Petitioner's Motion is denied. Further, this Court will not issue a certificate of appealability in this case. A certificate of appealability may issue under Section 2255

---

[1] The two exceptions are:

> (1) places certain kinds of primary private individual conduct beyond the power of the criminal law-making authority to proscribe, or (2) requires the observance of those procedures that . . . are implicit in the concept of ordered liberty. *Id.* at 307 (internal quotations omitted).

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). For the reasons set forth above, Petitioner has not made such a showing.

IT IS SO ORDERED.

                 s/ *Jack Zouhary*
                JACK ZOUHARY
                U. S. DISTRICT JUDGE

April 7, 2009